IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| XIAOYING HU,<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>CHAD WOLF, Acting Secretary of The Department of Homeland Security; TODD BAHENSKY, in his capacity as Director of Hall County Department of Correction; and SHAWN BYER, U.S. ICE Field Office Director for Nebraska;<br><br>　　　　　　Respondents. | **8:20CV415**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court following Petitioner's petition for a writ of habeas corpus, Filing No. 1. The Court held an initial hearing with counsel for the parties on November 19, 2020. Petitioner was initially arrested in Dodge County Nebraska and then found guilty of keeping a place of prostitution. She was sentenced to one year, and her release date was February 27, 2020. ICE agents placed a detainer on her and on March 24, 2020, ordered her removal to China. Petitioner has been detained for nearly 9 months in a Grand Island, Nebraska jail. She files this habeas corpus petition requesting either (1) deportation, or (2) release from jail. Petitioner is a citizen of China. She came to the United States on a visitor visa and overstayed her permitted time in 2014. Her son is a permanent resident of the United States, and her daughter-in-law is a United States citizen.

The Court first determines that it has jurisdiction in this case. *Demore v. Kim*, 538 U.S. 510, 516-17 (2003). Detention that lasts longer than 6 months is presumptively unreasonable. *Zadvydas v. Davis*, 533 U.S. 678, 702 (2001). Further, the government

1

may not indefinitely detain an alien where there is "no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 678 and 701. Petitioner's final removal order was issued on March 24, 2020, and she argues that detaining a person past the six month time periods violates 8 U.S.C. § 1231(a)(6). Petitioner did not appeal her decision to the Board of Immigration Appeals, as she agrees to deportation. Petitioner contends that both her substantive and procedural due process rights have been violated.

ICE has held one or two detention hearings since the incarceration and has denied her requests for release. Petitioner argues there is little chance she will be released in the reasonably foreseeable future, as two flights scheduled for her have already been canceled and because China is imposing vigorous testing requirements before allowing its citizens to return from the United States. Petitioner states she is not a violent person, did not commit a violent crime, and has relatives in Omaha and Chicago.

Respondents moved to dismiss this case. The government argues ICE believes petitioner is a flight risk. More importantly, the government argues the petitioner is likely to be removed in the foreseeable future. Respondents contend that ICE has already attempted to place her on two flights to China, but both flights were canceled by the commercial airlines. One was scheduled for November 2, 20202, and the other on December 2, 2020. At the hearing the government represented that a third flight is scheduled for early January 2021. Further, respondents contend that a regional level review of petitioner's detention will occur on or before December 24, 2020, by Headquarters Case Management unit (HQ RIO), and petitioner is free to offer new evidence of her family connections in Omaha to that body.

Based on the foregoing, the petition, brief, and the arguments at today's hearing, the Court shall order further briefing and an additional hearing.

**THEREFORE, IT IS ORDERED THAT:**

1. The Petitioner shall have until December 11, 2020, to file a brief to include: any additional arguments she might have as to jurisdiction; a response to respondents' brief filed November 19, 2020, Filing No. 7; any evidence of flight risk; and any other matters material and relevant to this case; and

2. The respondents shall have until December 15, 2020, to file a reply brief to petitioner's brief, and shall in addition provide the information as to why the commercial airlines canceled the designated flights on November 2, 2020, and on December 2, 2020; and

3. Petitioner shall promptly provide the Court with information discussed as a possible home in Omaha for her if released, and the Court will have an investigative report concerning the petitioner's flight risk and a home study for placement with the petitioner's daughter in law conducted by Pretrial Services to be completed on or before December 9, 2020; and

4. The Court hereby schedules a hearing in this matter on December 18, 2020, at 2:30 p.m. Counsel may appear in person or may appear by phone. A separate order will be entered regarding how the hearing will be conducted.

Dated this 20th day of November, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge